GENERAL BOWLING CORPORATION, APPELLANT, v. BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, AND GEORGE M. HOLLAND, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 29, 1979—Decided February 8, 1979.

Before Judges ALLCORN and SEIDMAN.

*Mr. Brett S. Dankoff* argued the cause for appellant.

*Ms. Donna Kelly,* Deputy Attorney General, argued the cause for respondent Board of Review (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney for respondent; *Mr. Michael S. Bokar,* Deputy Attorney General, of counsel; *Mr. Max H. Schloff,* Deputy Attorney General, on the brief).

Respondent George M. Holland did not file a brief.

PER CURIAM. General Bowling Corporation, the employer, appeals from a decision of the Board of Review which affirmed a determination by the Appeal Tribunal that it failed to file a timely appeal from a decision of the deputy in the local office.

It appears that George M. Holland, the employee, filed a claim for unemployment benefits. On August 22, 1977 the deputy determined that the claimant was disqualified for benefits from July 30 through August 20, 1977. Notice of the determination was mailed both to the claimant and to the employer. In November 1977 the employer received from the Division of Unemployment and Disability Insurance a Notice of Unemployment Benefits Charged to Employer's Experience Rating Account. The notice indicated that unemployment benefits had been paid to the former employee for three weeks commencing with the week ending September 5, 1977. The employer immediately wrote to the Division expressing a desire "to appeal these payments."

The Appeal Tribunal rejected the appeal on the ground that it had not been filed within the statutory time limit from "the determination of the Deputy delivered August 22, 1977." It concluded that the determination of the deputy with respect to the period from August 1 through August 22, 1977, having become final, was no longer subject to review. The Board of Review affirmed.

The State's position is that the deputy's determination in August was that the claimant was disqualified only for a three-week period because he had refused suitable work without good cause, and, apparently, that it was implicit that the claimant would be entitled to receive benefits after the expiration of that period. The State argues that it was incumbent upon the employer to have appealed at that time from the prospective payment of benefits.

We have carefully examined the notice of the deputy's determination and are completely satisfied that nothing therein would reasonably have alerted the employer to the need to appeal within ten days from its date. In the part of the form captioned "basis for the Determination," there is a two-paragraph recital of the circumstances of the claimant's quitting his employment from which one would conclude that the claimant left the job without good cause attributable to

the work. It is true that the sentence which followed would appear to qualify the preceding paragraphs. It stated, "You refused new suitable work without good cause." Additionally, under "Reason for Determination," the box checked was "Failure, without good cause, to accept or apply for suitable work," not the one relating to leaving work voluntarily without good cause attributable to such work. Nevertheless, there was no indication that benefits would automatically commence when the three-week period expired. In fact, the State conceded at oral argument that the claimant would have to reapply after August 20 and a determination made of eligibility at that time. This is consistent with the statement of the Appeal Tribunal in its findings of fact that the "claim was reasserted as of August 23, 1977."

It is not contended by the State that the employer was notified of the new determination at the time that it was made. There is no refutation of the fact that the employer's first knowledge of the payment of benefits was acquired in November. In the circumstances, we are convinced that the August notice of determination was completely deficient as notification to the employer of any eligibility of the employee to benefits. Whether the employer has a valid basis for contesting the benefits paid to the claimant after the determination of his eligibility is not before us. But the employer should have been accorded the opportunity to present its case. Since the Division was advised of the employer's desire to appeal within ten days from the time the employer was first notified of the payments, we deem the appeal timely.

The decision of the Board of Review is reversed, as is that of the Appeal Tribunal affirming the determination of the deputy, and the matter is remanded to the Appeal Tribunal for a hearing of the appeal. We do not retain jurisdiction.